**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elva Jean Uribe,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-24-01210-PHX-DGC<br><br>**ORDER** |

Plaintiff Elva Jean Uribe seeks judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which partially denied her claim for supplemental security income. For reasons stated below, the Court will affirm the decision.

**I.    Background.**

Plaintiff is a 49-year-old woman with some high school education. Docs. 9-11, Administrative Transcript ("Tr.") 280, 285. She previously worked as a cashier and waitress. Tr. 285. In June 2017, she applied for supplemental security income, alleging a disability onset date of May 1, 2006, when she stopped working due to arthritis in her left knee and lower back pain. Tr. 14, 284. She later amended her alleged onset date to June 14, 2017. Tr. 1426.

Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ") on November 5, 2019. Tr. 86-111. The ALJ issued a decision denying Plaintiff's claim on November 20, 2019. Tr. 14-26. The Appeals Council denied Plaintiff's request for review

and adopted the ALJ's decision. Tr. 1-4.  Plaintiff sought judicial review under 42 U.S.C. § 405(g).  Tr. 1510.  Judge Logan found that the ALJ erroneously discounted the medical opinions of the treating and examining physicians, as well as Plaintiff's subjective symptom testimony.  Tr. 1512-19.  He vacated the ALJ's decision and remanded the case for further agency proceedings.  Tr. 1520; *see also Uribe v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01690-PHX-SPL, 2022 WL 294212 (D. Ariz. Feb. 1, 2022).

Plaintiff testified at a hearing before a new ALJ on remand (Tr. 1458-80), and the ALJ issued a partially favorable decision on July 11, 2023 (Tr. 1426-1450).  Following the five-step evaluation process in 20 C.F.R. § 404.1520(a), the ALJ found that (1) Plaintiff had not engaged in substantial gainful activity since June 14, 2017; (2) Plaintiff had severe mental impairments, including bipolar disorder, generalized anxiety disorder, post-traumatic stress disorder, and cannabis use disorder; (3) Plaintiff's impairments did not meet or medically equal a listed impairment; (4) Plaintiff had a residual functional capacity ("RFC") to perform sedentary work from June 14, 2017 to April 2, 2019 and light work from April 2, 2019 to November 1, 2019, but was "unable to interact appropriately with supervisors" for either period and had no past relevant work; and (5) jobs did not exist in significant numbers in the national economy that Plaintiff could perform from June 14, 2017 to November 1, 2019.  Tr. 1430-42.  Based on these findings, the ALJ determined that Plaintiff was disabled during the closed period of June 14, 2017 to November 1, 2019.  Tr. 1442.

The ALJ also found, however, that Plaintiff experienced medical improvement and had a greater functional capacity to interact with supervisors after November 1, 2019.  The ALJ therefore found Plaintiff no longer qualified as disabled after that date.  Tr. 1432-33, 1442-48.  The Appeals Council denied review and Plaintiff filed this action.  Doc. 1.

**II.    Standard of Review.**

The Court reviews only those issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial

evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* In determining whether substantial evidence supports the ALJ's decision, the Court must consider the record as a whole and "may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citations omitted).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the evidence. *Magallanes*, 881 F.2d at 750. Where "the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**III.   Medical Improvement Standard.**

Plaintiff argues that the ALJ erred in finding that she experienced improvement in her mental impairments as of November 2, 2019. Doc. 14 at 14. Plaintiff argues that this decision is not supported by substantial evidence and is contrary to the expert opinion of Dr. Shaunna S. Haley dated October 11, 2017. *Id.*

Plaintiff specifically argues that the ALJ erred by relying on Plaintiff's own reports of improvement after November 1, 2019, failing to consider these reports in the context of the record as a whole, and discounting Dr. Haley's opinion that Plaintiff would have difficulty interacting with supervisors. *Id.* Plaintiff argues that these errors were material because they caused the ALJ to find, as of November 2, 2019, that Plaintiff's ability to interact with supervisors changed, increasing her RFC so that she no longer qualified as disabled. Docs. 1 at 4, 14 at 16.

An individual receiving social security benefits may have those benefits terminated if there is substantial evidence of medical improvement that makes the individual able to engage in substantial gainful activity. 42 U.S.C. §§ 423(f), 1382c(a)(4); 20 C.F.R. § 416.994(b). Medical improvement includes "'any decrease in the medical severity' of a recipient's impairment[.]" *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (citing

20 C.F.R. § 404.1594(b)(1)).  The Commissioner bears the burden of establishing that such improvement has taken place.  *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983).

When assessing whether there has been medical improvement in a closed period case such as this one, the ALJ "should compare the medical evidence used to determine that the claimant was disabled with the medical evidence existing at the time of asserted medical improvement."  *Attmore*, 827 F.3d at 874.  And the ALJ must consider this evidence "in the broader context of [Plaintiff's] impairment."  *Id.* at 877.  Isolated signs of improvement are not sufficient.  The evidence must show sustained improvement.  *Id*. at 878.  This is particularly important in cases involving mental impairments, which often "wax and wane over time."  *Id.*  "[I]mproved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace."  *Garrison v. Colvin*, 759 F.3d. 995, 1017 (9th Cir. 2014); *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").  "Caution in making such an inference is especially appropriate when no doctor or other medical expert has opined, on the basis of a full review of all relevant records, that a mental health patient is capable of working or is prepared to return to work."  *Garrison*, 759 F.3d. at 1017-18.

**IV.    Discussion.**

Having reviewed the complete record, the Court concludes that there is substantial evidence to support the ALJ's finding of sustained improvement in Plaintiff's symptoms and social functioning after November 1, 2019.  The Court also concludes that the ALJ properly considered this evidence in the context of the record as a whole, including Dr. Haley's opinion.

**A.    Closed Period Determination.**

As noted, the ALJ found Plaintiff disabled for the period of June 14, 2017 to November 1, 2019.  During this time, Plaintiff's anger and anxiety control affected her

ability to interact with others. Tr. 1432. The ALJ found that Plaintiff was "socially isolated, ha[d] anger issues and became violent, reported she blacked out when she was angry and had an urge to hit people," and that she had been physically violent with a significant other and former roommate resulting in court-ordered anger management classes. Tr. 1432, 1445. This finding aligned with Dr. Haley's opinion that because of Plaintiff's difficulty controlling her anxiety and anger, she "would be expected to have problems with authority figures." Tr. 582. Based on this evidence, the ALJ found that Plaintiff was unable to interact appropriately with supervisors during the closed period. Tr. 1433.

At the initial hearing in Plaintiff's case, the ALJ asked the vocational expert a hypothetical question about whether an individual with Plaintiff's age, education, prior relevant work experience, and RFC, including problems with authority figures and supervisors, would be able to perform work in the national economy. Tr. 111-12. The vocational expert said no because trouble with supervisors would not "lend itself towards . . . competitive employment." Tr. 112-113. Citing the vocational expert's testimony, the ALJ found that there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform, and she was therefore disabled from June 14, 2017 through November 1, 2019. Tr. 1441-41.

**B.   Substantial Evidence Supports a Finding of Medical Improvement.**

Beginning on November 2, 2019, the ALJ found that the record showed Plaintiff made significant improvement in her ability to interact with others and was no longer limited by problems with authority figures. Tr. 1445-46. Because Plaintiff no longer had this added limitation, she was able to perform work that required only occasional public contact and she no longer qualified as disabled. Tr. 1446. Having reviewed the ALJ's explanation and Plaintiff's medical records before November 2, 2019 and after that date, the Court finds that the ALJ's decision was supported by substantial evidence.

The substantial evidence standard is relatively modest. As noted above, it requires more than a scintilla of evidence but less than a preponderance. *Orn*, 495 F.3d at 630.

There must be a level of evidence that a reasonable person would accept to support a conclusion. *Id.* And as noted above, where "the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954.

The ALJ relied on the following evidence in her thorough opinion.[1] By June 2019, Plaintiff's judgment and mood started improving. Tr. 1434, citing Tr. 1723. In July 2019, Plaintiff reported depression and anxiety. Tr. 1434, citing Tr. 1727. She subsequently switched psychiatric providers, Tr. 1434, citing Tr. 1398, and in August 2019 reported that she was doing well, her medication had improved her psychiatric symptoms, and therapy was helping with her anxiety and anger control issues, Tr. 1446, citing Tr. 1398. On November 1, 2019 – the end of the disability period as found by the ALJ – Plaintiff reported she was "doing well" and may not need to continue individual therapy. Tr. 1436, 1444, citing Tr. 1818. In December 2019, Plaintiff reported her anxiety was only bad when she went out in public, and that she took an Ativan when she did. Tr. 1448, citing Tr. 1834.

In March 2020, Plaintiff said she did not want to continue therapy. Tr. 1448, citing Tr. 1848. In May 2020, Plaintiff reported that she had been depressed in the preceding month after finding out her mother-in-law had breast cancer, but reported that she was doing pretty well and that her mood was more stable Tr. 1448, citing Tr. 1866. In May 2021, she reported that she had good relationships with her family and friends and that her mood was stable with her medications, although she still avoided social outings. Tr. 1439, citing Tr. 2018. In July 2021, her mood was still stable, and she only "sometimes" felt angry and agitated. Tr. 1439, citing Tr. 2022. Plaintiff continued to report stable mood and anxiety levels in February and June 2022. Tr. 1439, citing Tr. 1960, 1973-75.

This history meets the "substantial evidence" requirement for the ALJ's conclusion that Plaintiff experienced significant improvements in her anxiety and anger control after November 1, 2019. She consistently reported mood stability and an increased ability to regulate her mood as a result of therapy. Tr. 1444, citing Tr. 1398. She eventually elected

---

[1] Because the Court may affirm only on the basis of the ALJ's rationale, the Court will cite the ALJ's finding, followed by the record citation on which the ALJ was relying.

to discontinue her therapy and use only medication intervention. Tr. 1448, citing Tr. 1848. While it is true Plaintiff continued to rely on medication to control her anxiety and anger, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

In short, the ALJ reasonably found significant improvement in Plaintiff's condition. The ALJ clearly compared Plaintiff's condition during the closed period of disability and the period of her improvement as required by *Attmore*, 827 F.3d at 874, and found sustained improvement. Because Plaintiff's anxiety and anger control issues improved, the ALJ found she no longer was unable to interact with supervisors and, even though her RFC still required that she not have more than occasional public contact, enough jobs existed in the national economy for her to work. Tr. 1449.

It is true, as Plaintiff notes, that her path after November 1, 2019 was not an undeviating course of sound mental health. She had moments of anger and anxiety and still required medication. But Plaintiff showed clear and steady improvement, becoming more calm, discontinuing her individual therapy, and controlling her anger. While the ALJ found that Plaintiff still warranted an RFC with limited social contact, the ALJ also found that Plaintiff's previously disabling condition of being unable to interact with supervisors improved markedly. This was not error.

**C.     Dr. Haley's Opinion.**

Plaintiff complains that the ALJ incorrectly discounted Dr. Haley's opinion of disability. The ALJ noted that the Haley opinion was based on a single examination of Plaintiff in October 2017, more than two years before Plaintiff's period of improvement began. Tr. 1435-36, citing Tr. 574-83. During Dr. Haley's examination, Plaintiff reported that she had a history of arrest for domestic violence against a roommate, aggression against her husband, and court-mandated anger management classes. *Id.* She reported that she blacked out when she was really angry, but recently had been able to walk away from triggering situations. Tr. 1436, citing Tr. 576. During the examination, Dr. Haley noted

7

that Plaintiff's leg was restless, bouncing up and down, and her hands trembled and shook. *Id.* Her mood was anxious. *Id.*

In contrast to this 2017 examination, the ALJ noted that Plaintiff reported in August 2019 that she was doing well, medication changes had improved her psychiatric condition, and group therapy had helped with her anxiety and anger control. Tr. 1436, citing 1398. On November 1, 2019, Plaintiff presented as calm and confident, was doing well, and said she no longer needed therapy. Tr. 1436, citing 1818. In May 2021, Plaintiff reported good relationships with family and friends, she still stayed away from social outings, and her mood was stable while on medications. Tr. 1439, citing Tr. 2018. Plaintiff's mood and speech were stable in February 2022, and she showed normal mood and speech in June 2022. Tr. 1439, citing Tr. 1960, 1973-75; *see also* Tr. 1444, 1445-46 (reiterating detailed evidence of Plaintiff's improvement).[2]

The ALJ accepted Dr. Haley's findings that Plaintiff had various persistent social and concentration limitations, and took those into account in establishing her RFC after November 1, 2019. Tr. 1440-41. But the ALJ found from the record cited above that Plaintiff experienced improvement in anxiety, mood stability, and anger that produced an RFC after November 1, 2019 with limited public contact, but without difficulty interacting with supervisors. Tr. 1440-41. Applying this RFC to the vocational expert's testimony, the ALJ found that there were significant numbers of jobs Plaintiff could perform. Tr. 1449.

"When determining whether a claimant is eligible for benefits, an ALJ need not take every medical opinion at 'face value.' Rather, the ALJ must . . . determine how much weight to afford each opinion." *Cross v. O'Malley*, 89 F.4th 1211, 1213-14 (9th Cir. 2024) (quoting *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020)). For claims like this one, filed after March 27, 2017, the relevant regulations recognize no "inherent persuasiveness" in

---

[2] While some of these citations occur a few pages after the ALJ's detailed discussion of Dr. Haley's opinion (Tr. 1435-36), the Ninth Circuit has directed the Court to consider "the ALJ's full explanation." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022). The cited portions of the ALJ's opinion at Tr. 1439 appear in her discussion of the opinions of Drs. Davis and Dalton, a discussion the ALJ later specifically references in explaining how her post-November 1, 2019 RFC was correct even in light of Dr. Haley's opinion. *See* Tr. 1440-41; *see also* Tr. 1444.

opinions from either a claimant's own medical sources or government consultants. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). The most important factors are "supportability" and "consistency." *Id*. "Supportability" is "the extent to which a medical source supports the medical opinion by explaining the 'relevant objective medical evidence.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency" is "the extent to which a medical opinion is 'consistent with the evidence from other medical sources and nonmedical sources[.]'" *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

The ALJ found that Dr. Haley's 2017 opinion was not supportable under the facts disclosed by Plaintiff after November 1, 2019, and in fact was not consistent with those facts. This was not error under the relevant standard for considering medical source evidence.

While an ALJ should be cautious when making inferences in the absence of a new medical opinion, *see Garrison,* 759 F.3d. at 1017, she is not required to give Dr. Haley's opinion any greater weight than Plaintiff's several reports in subsequent medical records, 20 C.F.R. § 416.920c(a). The record after November 1, 2019 shows Plaintiff experienced improvements in her anxiety and anger control issues. The ALJ reasonably found that Dr. Haley's opinion, issued more than two years earlier, was not persuasive after that date because it was not consistent with the other evidence. Tr. 1436, 1441, 1444-46.

**V.     Conclusion.**

Having carefully reviewed the ALJ's detailed decision and the record as a whole, the Court finds that the decision is supported by substantial evidence and not based on legal error. The decision therefore will be affirmed.

**IT IS ORDERED:**

1. The final decision of the Commissioner of Social Security is (Tr. 1416-18, 1426-50) is **affirmed**.

2. The Clerk of Court shall enter judgment accordingly.

Dated this 30th day of July, 2025.

David G. Campbell
Senior United States District Judge

9